**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2923
_____

MOSTAFA ARAM AZADPOUR,
                                        Appellant

v.

AMCS GROUP INC; DOES (1)-(50)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-01968)
District Judge:  Honorable Berle M. Schiller
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 14, 2023
Before:  SHWARTZ, BIBAS, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed June 16, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Mostafa Azadpour appeals from the District Court's order granting defendant's motion to dismiss his complaint.[1] For the reasons that follow, we will affirm.

Azadpour applied for a job with defendant AMCS Group ("AMCS"), a company incorporated in Pennsylvania. In April 2018, AMCS sent Azadpour an e-mail offering him a job (to be completed from his home in Texas) and attached a contract. Nothing in the contract specified whether a background check would be conducted. On May 1, 2018, Azadpour signed the contract. Four days later, Azadpour received the following e-mail from AMCS:

> Aram,
>
> Unfortunately after our background check that is part of our process was completed[,] I was informed I cannot follow through or proceed with the offer. This was a surprise and very disappointing. See attached.

ECF No. 64 at 6. The attached letter stated that AMCS was rescinding its offer of employment. Id. at 7. Azadpour requested a copy of the background check, id. at 9, but AMCS did not respond.

Suspecting that AMCS had rescinded the offer because of a prior criminal arrest, Azadpour filed a May 2019 complaint in the Eastern District of Pennsylvania asserting that AMCS had violated a state law that he alleged

---

[1] Azadpour raised claims against AMCS Group Inc. and Does 1-50. We refer to the defendant-appellees as AMCS.

prohibited employers from considering an applicant's criminal history when making hiring decisions. In August 2019, in response to one of Azadpour's interrogatories, AMCS stated that it had not rescinded Azadpour's offer of employment because of his criminal history. Rather, Noreen Cantillon, AMCS's head of Human Resources, had entered Azadpour's name into Google and Bing search engines and "observed that Mr. Azadpour appeared to be a plaintiff in at least three separate lawsuits. Concerned about Mr. Azadpour's litigious history, Ms. Cantillon made a decision to rescind Mr. Azadpour's at-will offer of employment." ECF No. 22-2 at 5. At least one of those lawsuits involved a claim of discrimination in violation of Title VII. See Azadpour v. Blue Sky Sports, No. 3:17-CV-1335-N-BK, 2018 WL 501521, at *1 (N.D. Tex. Jan. 5, 2018).

Azadpour stayed his federal case and, in September 2019, exhausted his administrative remedies with the Equal Employment Opportunity Commission (EEOC). The EEOC rejected Azadpour's retaliation and discrimination claims and issued a right-to-sue letter. Azadpour returned to the District Court and eventually filed the operative second amended complaint, raising only federal retaliation and discrimination claims. Specifically, Azadpour alleged that AMCS had retaliated against him for engaging in prior Title VII activity and had discriminated against him based on his disability and age.[2] AMCS moved to

---

[2] See 42 U.S.C. § 2000e-3(a) (Title VII); 42 U.SC. § 12112(a) (Americans with

3

dismiss the complaint, arguing that Azadpour failed to timely exhaust his administrative remedies, failed to establish that the limitations period should be equitably tolled, and failed to state a claim for relief. Azadpour countered that the limitations period should be tolled because AMCS had misled him about the reason for rescinding the contract until discovery ensued. Agreeing with AMCS, the District Court dismissed the complaint with prejudice, concluding that Azadpour had not timely exhausted his administrative remedies and was not entitled to equitably toll the limitations period. Azadpour timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of a complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm a District Court's judgment for any reason supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

As relevant here, Title VII's anti-retaliation provision makes it unlawful for an employer to discriminate against an "applicant[] for employment . . . because [the applicant] has made a charge, testified, assisted, or participated in any manner in an investigation proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

---

Disabilities Act); 29 U.S.C. § 623(a)(1) (Age Discrimination in Employment Act).

4

"Before filing a claim in federal court, a Title VII plaintiff in Pennsylvania must file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice." Noel v. Boeing Co., 622 F.3d 266, 270 (3d Cir. 2010). A Title VII claim is time-barred if the EEOC complaint is not filed within the prescribed time-period. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). Here, the adverse action (the rescission of the contract) occurred on May 5, 2018. Azadpour had until March 1, 2019 to file a complaint with the EEOC. Absent tolling, his October 2019 EEOC filing was untimely.

Equitable tolling is to be used "sparingly." Id. at 113. It applies in three principal (though non-exclusive) circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994), abrogated on other grounds by Rotkiske v. Klemm, 890 F.3d 422, 428 (3d Cir. 2018) (en banc).

Azadpour argues that AMCS actively misled him when it referred to the background check as the reason for rescinding the contract. We agree with the District Court that tolling is unavailable on this basis. Oshiver is instructive. There, Sherry Oshiver was terminated from her position at a law firm, and the firm told her it would consider her if a future position became available. After learning a man had been hired to

5

perform similar functions, Oshiver exhausted her administrative remedies then pursued a Title VII action. While her charge to the EEOC was facially untimely, we concluded that she was entitled to equitably toll the limitations period with respect to her wrongful-termination claim because the firm had "actively misled" her by telling her there was no work to be done even though the hiring of a male suggested that there was actually work to do. See id. at 1391-92.

By contrast, we concluded that Oshiver was not entitled to equitable tolling with respect to the failure-to-hire claim because the law firm simply withheld pertinent information. According to Oshiver's allegations, the law firm "told [Oshiver] that she would be considered for an associate position if one became available, but did not contact her upon the opening of an associate position." Id. at 1391 n.10. But those allegations, at most, established that "the firm concealed from her the fact that an associate opening arose." Id. Equitable tolling requires more. It "requires *active* misleading on the part of the defendant." Id. The kind of concealment involved in the failure-to-hire claim was thus "qualitatively different from taking affirmative steps to mislead." Id.

Azadpour's circumstances resemble Oshiver's failure-to-hire claim. AMCS informed Azadpour that a background check prompted the rescission of the contract. That statement was arguably incomplete, but it was not misleading given that AMCS rescinded the offer after learning about something from Azadpour's past it deemed undesirable. See id.; see also Edmonson v. Eagle Nat'l Bank, 922 F.3d 535, 553 (4th Cir.

6

2019) (equitable tolling requires "some trick or contrivance intended to exclude suspicion and prevent inquiry") (quoting Carrier Corp. v. Outokumpu Oyj, 673 F.3d 430, 446-47 (6th Cir. 2012)).  Moreover, AMCS's silence in the face of Azadpour's request for a copy of the background check, far from "lull[ing] [Azadpour] into inaction," LaVallee Northside Civic Ass'n v. V.I. Coastal Zone Mgmt. Comm'n, 866 F.2d 616, 625 (3d Cir. 1989), provided him with reason to believe that the rescission was suspect.  See Earnhardt v. Commonwealth of Puerto Rico, 691 F.2d 69, 71 (1st Cir. 1982) ("Earnhardt was not, however, given a phony reason for his discharge.  Not giving any reason is altogether different from providing a specious one.  Far from lulling the dischargee, the withholding of any reason suggests that a discriminatory or other improper reason may be involved.").  Thus, AMCS did not engage in the kind of "active misleading" necessary to toll the limitations period.[3]

Accordingly, we will affirm the District Court's judgment.[4]

---

[3]  Further, to the extent that "extraordinary circumstances" could provide an alternative basis for tolling, see generally Oshiver, 38 F.3d at 1387, we are satisfied for similar reasons that they are not present here.

[4]  The District Court also properly determined that leave to amend would have been futile.  Azadpour could not cure the deficiencies in his complaint via amendment.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008) (a district court must extend leave to amend unless amendment would be futile).